FILED
MAR 16 2004
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FRANK T. BOZEMAN AND ARIS ALLEN | ) | |
| PLAINTIFFS, | ) | CIVIL ACTION NO. 04-S-260-N |
| VS. | ) | JURY TRIAL DEMAND |
| SOUTHEAST WAFFLES, L.L.C., a Tennessee corporation, dba "Waffle House in Alabaster and/or Waffle House in Montgomery, Alabama AND WAFFLE HOUSE, INC., an Alabama corporation doing business as WAFFLE HOUSE in Alabaster and/or WAFFLE HOUSE in Montgomery, Alabama | ) ) ) ) ) ) ) | |
| DEFENDANT. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT, PERMANENT INJUNCTIVE RELIEF, AND DAMAGES

### NATURE OF ACTION

1. Plaintiffs, two African American men, bring this action to redress the injuries they suffered and continue to suffer as a result of Defendant's racially discriminatory actions at Waffle House restaurants located in Alabaster and Montgomery, Alabama.

2. On January 22, 2004, and on February 8, 2004, on account of Plaintiffs' race, Defendants refused to serve Plaintiffs, forcing them from their restaurant due to a lack of service and/or other insulting conduct. By these and other actions, Defendants have (1) denied Plaintiffs the full and equal enjoyment of the good,

services, facilities, privileges, advantages, and accommodations of a Waffle House restaurant on the basis of race, in violation of 42 U.S.C. Section 2000 a.

3. Plaintiffs thus seek compensatory and punitive damages and an injunction directing Defendants to cease and desist from and/or remedy their illegal conduct.

## PARTIES

4. Plaintiff Frank T. Bozeman is an African-American citizen of the United States. At all times relevant to this Complaint, Plaintiff Bozeman has been a resident of Alabama.

5. Plaintiff Aris Allen is an African - American citizen of the United States. At all times relevant to this Complaint, Plaintiff Allen has been a resident of the State of Alabama.

6. Defendant Southeast Waffles, Inc. is a Tennessee corporation doing business in the State of Alabama. Its corporate headquarters is in Nashville, Tennessee. It owns and operates the Waffle House in Alabaster, Alabama, and the Waffle House in Montgomery, Alabama, located at the I-85 and Eastern Boulevard intersection, next to the Holiday Inn.

7. Defendant Waffle House, Inc. is an Alabama corporation doing business in the State of Alabama. Its corporate headquarters is in Nashville, Tennessee. On information and belief, Plaintiffs allege that the Waffle House Inc. does business in some capacity at Waffle House in Alabaster, Alabama (hereinafter "Waffle House in Alabaster"), and at Waffle House in Montgomery (hereinafter "Waffle House in Montgomery").

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and 1343 and 42 U.S.C. Section 2000 a-6.

9. Venue is proper either in the Northern or Middle Districts of Alabama pursuant to 28 U.S.C. Section 1391 (b)(1) since the events giving rise to the allegations in this complaint occurred within both the Northern and Middle Districts of Alabama.

## FACTS OF JANUARY 22, 2004 INCIDENT IN ALABASTER

10. Plaintiffs Bozeman and Allen are African American members of a gospel quartet. On Thursday, January 22, 2004, at 1:10 p.m., on the way from Montgomery to Birmingham to attend a national gospel quartet convention, the Plaintiffs stopped at Waffle House in Alabaster. When they walked in, they were given a funny look, and told by the waitress that **"both grills were down"** and that it **"would take between 35 minutes and one hour to clean the grill."**

11. Neither Bozeman nor Allen were offered any refreshments by service personnel at the Waffle House in Alabaster, but were treated with cold indifference.

12. The Waffle House in Alabaster was serving only white people at the time of the Plaintiffs arrival, and all the customers' eyes turned on Plaintiffs Bozeman and Mr. Allen, as they entered the Waffle House in Alabaster. The customers started grinning and smiling at the lack of service Plaintiffs were receiving.

13. The Plaintiffs drove up the interstate to the next exit at Pelham, to eat at the Waffle House, Pelham, and encountered a very different, warmer reception.

**When the Plaintiffs shared with the waitresses at the Waffle House, Pelham, what experience they encountered at the Waffle House in Alabaster, the Pelham waitresses told Plaintiffs they had received many such complaints before from other black patrons of Waffle House in Alabaster.** It was obvious that the Waffle House in Alabaster has developed a reputation for this type of mistreatment of blacks.

14. The Defendants, acting by and through their employees, agents, and/or representatives, refused to serve, or otherwise denied Plaintiffs food because of their race. The Defendants' action were undertaken with racially discriminatory animus for the purpose of denying Plaintiffs equal treatment on the basis of race.

15. The conduct complained of violated Plaintiffs' right to the full and equal enjoyment of the public accommodation owned and operated by Waffle House, Inc.

16. Through the actions of its employees, agents and/or representatives described above, Defendant acted intentionally, maliciously, and with willful, callous, wanton, and reckless disregard for Plaintiffs' federally protected rights.

17. As a proximate result of the actions of defendants described above, Plaintiffs have suffered, and continue to suffer, and will, in the future, continue to suffer great and irreparable loss and injury, including, but not limited to, humiliation, embarrassment, emotional distress, mental anguish, and a deprivation of rights. For these injuries, Plaintiffs seek compensatory damages.

18. Because Defendants acted intentionally and maliciously, and with callous and reckless disregard for Plaintiff's federally protected rights, plaintiffs also seek

punitive damages.

19. The conduct complained of, engaged in by Defendant and their employees, agents and/or representatives as described above, violated Plaintiffs' rights to the full and equal enjoyment of the public accommodations, owned and operated by Defendants.

### **FACTS OF FEBRUARY 8, 2004 INCIDENT IN MONTGOMERY**

20. On Sunday, February 8, 2004, Plaintiff Allen walked into the Waffle House on the Eastern Boulevard in Montgomery, Alabama. The waiter greeted Plaintiff Allen by saying "Hey Pimp!" Plaintiff Allen informed the waiter that he was not a pimp, but a man of God. The waiter said that the Plaintiff was a "mother f___ing pimp."

21. The Waffle House waiter further stated to Plaintiff Allen that he was a "mother f___ing thug and if he said another word he was going to punch the Plaintiff in the mouth." The waiter proceeded to antagonize the Plaintiff, by saying he'd get a "beat down." The waiter further refused to wait on the Plaintiff.

22. Two other employees of Waffle House reported the incident to their General Manager. The rude and vulgar waiter was suspended. However, no white customers were treated in the disrespectful way the Plaintiff was.

23. Plaintiff Allen believes that this second incident was racial, and was intentional, malicious, and with a willful, callous, wanton, and/or reckless disregard for Plaintiff's federally protected rights.

## AS TO BOTH INCIDENTS

24. Plaintiffs aver that the Defendants have a pattern and practice of engaging in racially discriminatory behavior throughout the Southeastern United States, with as many as 13 other lawsuits similar to this one filed against one or both of the Defendants in said states.

25. Plaintiffs aver that, despite surface policies to the contrary, Defendants either through negligence, wantonness, are unwilling to monitor, control, supervise, or train their employees in such a way as to avoid racially-hostile or racially-callous treatment of many of their African American customers.

## COUNT ONE:

## VIOLATION OF 42 U.S.C. SECTION 2000 (a) - ALABASTER

26. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 19, the same as if set forth more fully herein.

27. The Waffle House in Alabaster owned and operated by Defendants is a place of public accommodation within the meaning of 42 U.S.C. Section 2000a (b) (2).

28. The operations of the Waffle House restaurant in Alabaster owned and operated by Defendants affect commerce, within the meaning of 42 U.S.C. Section 2000 (a).

29. By the actions described above, Defendants have denied the Plaintiffs the full and equal enjoyment of their goods, services, facilities, privileges, advantages, and

accommodations on the basis of race, in violation of 42 U.SC. Section 2000 (a).

## **PRAYER OF RELIEF**

30. Wherefore, Plaintiffs pray that the Court grant them relief as follows:

    1. Enter a declaratory judgment finding that the actions of the Defendants alleged in this Complaint violated 42 U.S.C. Section 1981 and 2000 a;

    2. Enter a permanent injunction barring Defendants from continuing to engage in the illegally discriminatory conduct alleged in this complaint;

    3. Enter a permanent injunction directing that Defendants take all affirmative steps necessary to remedy the effects of the illegally discriminatory conduct alleged in this complaint and to prevent repeated occurrences in the future;

    4. Award compensatory damages in an amount that would fully compensate Plaintiffs for the economic loss, humiliation, embarrassment, emotional distress, and mental anguish caused by Defendants' violation of the law alleged in this complaint;

    5. Award punitive damages in an amount that would punish Defendants for the willful, wanton, and reckless misconduct alleged in this complaint and that would effectively deter Defendants from future discriminatory behavior;

    6. Award Plaintiffs their reasonable attorney's fees and costs; and

    7. Order all other relief deemed just and equitable by the Court.

## COUNT TWO:

## VIOLATION OF 42 U.S.C. SECTION 2000 (a) - MONTGOMERY

31. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 25, the same as if set forth more fully herein.

32. The Waffle House in Montgomery, Alabama and operated by Defendants is a place of public accommodation within the meaning of 42 U.S.C. Section 2000a (b) (2).

33. The operations of the Waffle House restaurant in Montgomery owned and operated by Defendants affect commerce, within the meaning of 42 U.S.C. Section 2000 (a).

34. By the actions described above, Defendants have denied the Plaintiffs the full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations on the basis of race, in violation of 42 U.SC. Section 2000 (a).

## PRAYER OF RELIEF

35. Wherefore, Plaintiffs pray that the Court grant them relief as follows:

   1. Enter a declaratory judgment finding that the actions of the Defendants alleged in this Complaint violated 42 U.S.C. Section 1981 and 2000 a;

   2. Enter a permanent injunction barring Defendants from continuing to engage in the illegally discriminatory conduct alleged in this complaint;

   3. Enter a permanent injunction directing that Defendants take all affirmative steps necessary to remedy the effects of the illegally discriminatory

conduct alleged in this complaint and to prevent repeated occurrences in the future;

4. Award compensatory damages in an amount that would fully compensate Plaintiffs for the economic loss, humiliation, embarrassment, emotional distress, and mental anguish caused by Defendants' violation of the law alleged in this complaint;

5. Award punitive damages in an amount that would punish Defendants for the willful, wanton, and reckless misconduct alleged in this complaint and that would effectively deter Defendants from future discriminatory behavior;

6. Award Plaintiffs their reasonable attorney's fees and costs; and

7. Order all other relief deemed just and equitable by the Court.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable as of right.

This _15th_ day of March, 2004.

Respectfully Submitted,

/s/ Julian L. McPhillips, Jr.
Julian L. McPhillips, Jr. (MCP004)
Attorney for Plaintiffs

OF COUNSEL:

MCPHILLIPS, SHINBAUM AND GILL, L.L.P.
516 South Perry Street
Montgomery, Alabama 36101
(334) 262-1911
(334) 263-2321 (fax)